UNION NAT. BANK OF CINCINNATI *v.* MILLER, Treasurer of Hamilton County, Ohio.*

*Circuit Court, S. D. Ohio, W. D.* March 26, 1883.)

1. JURISDICTION OF SUITS BY OR AGAINST NATIONAL BANKS—ACT OF JULY 12, 1882—PARTIES.

The act of July 12, 1882, to enable national banks to extend their corporate existence, placed national and other banks, as to their right to sue in the federal courts, on the same footing, and consequently a national bank cannot, in virtue of a mere corporate right, sue in such courts.

2. SAME—SUBJECT-MATTER—CASE ARISING UNDER AN ACT OF CONGRESS.

But national banks may, like other banks and citizens, sue in such courts, whenever the subject-matter of litigation involves some element of federal jurisdiction. Thus a suit by a national bank against a county treasurer, to enjoin the collection of an excessive tax upon its personal property, alleged to be made in violation of the act of congress permitting the state to tax national banks, presents a case arising under a law of congress, and is, therefore, maintainable in a federal court.

In Equity. Demurrer to the jurisdiction.

*Perry & Jenney* and *Stallo & Kittredge*, for complainant.

*Otway J. Cosgrave*, Co. Sol., and *Foraker & Black*, for defendant.

BAXTER, J. The complainant, a national bank, seeks by its bill in this case to enjoin the collection of an excessive tax assessed upon its personal property. Both parties are citizens of Ohio. The defendant, by demurrer, denies the jurisdiction of this court. The constitutional authority of congress to provide for the organization of national banks to aid the government in its financial operations, and to clothe them with the right to sue in the federal courts, has been too long recognized and sustained to be now questioned. Such jurisdiction is expressly given by sub-section 10 of section 629 of the Revised Statutes. But section 4 of the act of July 12, 1882, entitled "An act to enable national banking associations to extend their corporate existence, and· for other purposes," provides "that the jurisdiction of suits hereafter brought by or against any association, established under any law providing for national banking associations, * * * shall be the same as, and not other than, the jurisdiction for suits by or against banks not organized under any law of the United States, which do or might do banking business where such national banking associations may be doing business when such suits may be begun."

The effect of this last act is to place national and other banks, in

*Reported by J. C. Harper, Esq., of the Cincinnati bar.

respect to their right to sue in the federal courts, on the same footing. It follows that a national bank cannot, in virtue of any corporate right, sue in a federal court. But, like other banks, and citizens, it may thus sue whenever the subject-matter of litigation involves some element of federal jurisdiction of which a federal court may, under the law, take judicial cognizance. Such an element, I think, exists in this case. The state could not tax complainant at all without congressional permission. This permission is given by section 5219 of the Revised Statutes. But the authority to tax is coupled with the limitation that the taxation of national banks shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of the state. The complainant alleges a violation of this act. The allegation necessarily involves the validity and construction thereof, and therefore presents a case arising under a law of congress. If so, this court has jurisdiction of the suit under and in virtue of the act of March 3, 1875.

Defendant's demurrer is overruled, and he will be allowed 20 days in which to answer.